# EXHIBIT A

2439753

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT CLAXTON BARLOW, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CAUSE NO. _____ |
| | § | |
| THE STANDARD FIRE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT'S INDEX OF MATTERS BEING FILED

1)   Plaintiff's Original Petition with attached Request for Disclosure and Request for Production, filed on August 5, 2016 in Cause No. 1081128; County Court At Law No. 2; Harris County, Texas.

2)   Service of Citation in Cause No. 1081128.

3)   The Docket Sheet in Cause No. 1081128.

4)   Order for Jury Trial Setting, Scheduling Order & Notice of Intent to Dismiss.

5)   List of all counsel.

Respectfully submitted,

GORDON, ARATA, MCCOLLAM,
   DUPLANTIS & EAGAN, LLC

*/s/ Charles L. Stinneford*
Charles L. Stinneford
State Bar No. 00785057
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Telephone:  (713) 333-5500
Facsimile:  (713) 333-5501
E-mail:  cstinneford@gordonarata.com

*Attorney for Defendant,*
*The Standard Fire Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been delivered to all counsel pursuant to the Federal Rules of Civil Procedure via certified mail, return receipt requested on the 12th day of September, 2016.

Mr. H. Brad Parker                                      *Via E-Filing and*
H. Brad Parker, P.C.                                   *CM/RRR # 7016 0600 0000 56182 3918*
2180 North Loop West, Suite 510
Houston, Texas  77018

                                                       */s/ Charles L. Stinneford*_____
                                                       Charles L. Stinneford

2561121_1

1

FILED
8/5/2016 10:41:02 AM
Stan Stanart
County Clerk
Harris County

NO. ___1081128___    **COPY**

| | | |
|---|---|---|
| ROBERT CLAXTON BARLOW | § | IN THE COUNTY COURT AT LAW |
| Plaintiff, | § | |
| | § | |
| V. | § | NO. ___2___ |
| | § | |
| THE STANDARD FIRE INSURANCE | § | |
| COMPANY | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE AND REQUEST FOR PRODUCTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Robert Claxton Barlow, hereinafter called Plaintiff, complaining of and about The Standard Fire Insurance Company, also known as Travelers Insurance, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Robert Claxton Barlow, is an Individual whose address is in Harris County, Texas.

3. The last three numbers of Robert Claxton Barlow's driver's license number are 178. The last three numbers of Robert Claxton Barlow's social security number are 067.

4. Defendant The Standard Fire Insurance Company, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Corporation Service Company, at 211 East 7th

\\PLPC\AADon\WPDocs\15-0516HBP091513.wpd                                                                 1

Street, Suite 620, Austin, Texas 78701, its registered office. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court.

6. Plaintiff seeks:

    a.    monetary relief over $100,000 but not more than $200,000.

7. This court has jurisdiction over Defendant The Standard Fire Insurance Company, because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over The Standard Fire Insurance Company will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

8. Plaintiff would show that Defendant The Standard Fire Insurance Company had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

9. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant The Standard Fire Insurance Company to the State of Texas, thereby conferring specific jurisdiction with respect to said Defendant. Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas.

10. Furthermore, Plaintiff would show that Defendant The Standard Fire Insurance Company engaged in activities constituting business in the State of Texas as provided by Section

\\PLPC\AADon\WPDocs\15-0516HBP091513.wpd

2

17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed torts within the state of Texas.

11.    Plaintiff purchased from Defendant a policy of insurance to insure his 1996 Mainship Trawler, a 37 foot boat bearing HIN# MPC37076K596 (the "Insured Property").

12.    Venue in Harris County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.035(b) of the Texas Civil Practice and Remedies Code because this action involves a contractual obligation in connection with a consumer transaction and Plaintiff and The Standard Fire Insurance Company, Defendant herein, signed the contract in this county.

## FACTS

13.    The Defendant issued Plaintiff insurance policy number 984972678-840-1 with effective dates of August 5, 2013 through August 5, 2014 (the "Policy") to provide insurance coverage for Insured Property. On or about May 25, 2014 while on Lake Travis near Austin, Texas the Insured Property suffered damage due to partial immersion. As a result of the damage, Plaintiff reported the loss to the Defendant on or about May 27, 2014.  Defendant assigned the incident the following claim number: Travelers Insurance Marine Claim No. HLH 2969 (the "Claim").

14.    Because Plaintiff is a person entitled to make a direct claim under the terms of the Policy, and because the Claim for damage to the insured property is covered under the terms of the Policy, by virtue of the special relationship between Plaintiff and Defendant the Defendant owed Plaintiff duties of good faith and fair dealing with respect to the Claim.  Defendant breached these duties by first delaying payment, then refusing to pay benefits when Defendant knew or should have known that it was reasonably clear that benefits were due under the Policy.

In particular, the conduct of Defendant was tortious in that, among other things, Defendant denied the Claim on the ground that the damages were excluded from policy coverage due to the wear and tear and/or gradual deterioration exclusion, without a complete and full investigation of the facts, and offered a settlement of the Claim in an amount far less than Defendant knew the Claim to be worth for the purpose of attempting to coerce Plaintiff to accept less than he was entitled to under the terms of the Policy.

## DECEPTIVE TRADE PRACTICES

15.    Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

16.    Unconscionable Action or Course of Action.    Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

17.    Violations of Section 17.46(b).    Defendant violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendant:

(a)    caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(b)    represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

\\PLPC\AADon\WPDocs\15-0516HBP091513.wpd                                                    4

(c)   represented that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(d)   represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; and

(e)   failed to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

18.   Unfair Claim Settlement Practices. Defendant engaged in unfair claim settlement practices prohibited by Section 541.060 of the Texas Insurance Code, to wit:

(a)   misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

(b)   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

(c)   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which the insurer's liability has become reasonably clear to influence the claimant to settle another claim under another portion of the coverage unless payment under one portion of the coverage constitutes evidence of liability under another portion;

(d)   failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; and

    (e)    failing within a reasonable time to:

        (1)    affirm or deny coverage of a claim to a policyholder; or

        (2)    submit a reservation of rights to a policyholder.

19.    <u>Misrepresentation of Insurance Policy.</u>  Defendant misrepresented an insurance policy as prohibited by Section 541.061 of the Texas Insurance Code, to wit:

    (a)    failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

    (b)    making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of material fact; and

    (c)    making a material misstatement of law.

20.    <u>Producing Cause.</u>  Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described hereinbelow.

21.    <u>Reliance.</u>  Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code and Chapter 541 of the Texas Insurance Code were relied upon by Plaintiff to Plaintiff's detriment.

22.    <u>Written Notice Given.</u>  Plaintiff has timely notified Defendant of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code and Section 541.154 of the Texas Insurance Code by letter dated October 12, 2015, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

## BREACH OF CONTRACT

23.  Plaintiff would further show that the actions and/or omissions of Defendant described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sues.

## ECONOMIC AND ACTUAL DAMAGES

24.  Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

(a)  Out-of-pocket expenses, including but not limited to fees paid for transport and storage of the Insured Property, together with inspection fees.

(b)  Interest and/or finance charges assessed against and paid by Plaintiff.

(c)  Costs of repairs.

(d)  Reasonable and necessary engineering or consulting fees.

## MULTIPLE DAMAGES

25.  Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

26.  Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

27.  Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## ATTORNEY'S FEES

28.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Section 541.152(a)(1) of the Texas Insurance Code; (c) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (d) common law.

29.     The undersigned attorney is designated as an expert with regard to attorney's fees.

30.     Plaintiff attaches FOR RESPONSE BY DEFENDANT, pursuant to the Texas Rules of Civil Procedure the following:

- Plaintiff's Request for Disclosure to Defendant, The Standard Fire Insurance Company.
- Plaintiff's Request for Production to Defendant, The Standard Fire Insurance Company.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Robert Claxton Barlow, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

\\PLPC\AADon\WPDocs\15-0516HBP091513.wpd                                        8

Respectfully submitted,

H. Brad Parker, P.C.

By: /s/ H. Brad Parker
     H. Brad Parker
     Texas Bar No. 15487100
     Email: bparker@parkerlawpc.com
     2180 North Loop West #510
     Houston, Texas 77018
     Tel. (713) 892.5588
     Fax. (713) 892.5598
     Attorney for Plaintiff
     Robert Claxton Barlow

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANT

TO: Defendant, The Standard Fire Insurance Company, c/o its registered agent of the corporation, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701, its registered office.

Pursuant to rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within fifty (50) days of service of this request, the information or material described in rule 194.2(a)-(i).

1.      Pursuant to rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within thirty days of service of this request, the information or material described in rule 194.2(a)-(i).

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Request for Disclosure was attached to Plaintiff's Original Petition and served on the Defendant by an authorized process server pursuant to Texas Rule of Civil Procedure 106.

/s/ H. Brad Parker
H. Brad Parker

\\PLPC\AADon\WPDocs\15-0516HBP091513.wpd                                          1

## PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT

TO: Defendant, The Standard Fire Insurance Company, c/o its registered agent of the corporation, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701, its registered office.

## DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "you" and "your" shall mean The Standard Fire Insurance Company, and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on behalf of The Standard Fire Insurance Company, whether authorized to do so or not.

2.      As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, digital or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, emails, text messages, social media, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries or drafts; emails; files; guaranty agreements; insurance polices; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; social media; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; text messages; transcripts of testimony;

\\PLPC\AADon\WP.Docs\15-0516HBP091513.wpd                                                  1

UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.   In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.   "Person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

5.   Any and all data or information which is in digital, electronic or magnetic form should be produced on a CD or flash drive with all pages Bates stamped.

6.   The "Policy" means insurance policy number 984972678-840-1 issued by Defendant to Plaintiff with effective dates of August 5, 2013 through August 5, 2014 and made the subject of this lawsuit.

7.   The "Insured Property" means the 1996 Mainship Trawler, a 37 foot boat bearing HIN# MPC37076K596.

8.   The "Claim" means Travelers Insurance Marine Claim No. HLH 2969 and made the subject of this lawsuit.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period from January 1, 2013, through the date of production of documents requested herein.

## EXHIBIT A
## DOCUMENTS TO BE PRODUCED

1.      A copy of the Policy, together with all riders or addendums thereto.

2.      A copy of any other insurance policy or agreement under which the Insured Property was insured at any time during the incidents made the basis of this lawsuit, without regard to whether you claim or deny such agreement applies to such incidents.

3.      Any and all documents (or other tangible evidence) that relate to, describe, refer to, support, reflect, memorialize, or substantiate the Claim.

4.      Any and all documents (or other tangible evidence) that relate to, describe, refer to, support, reflect, memorialize, or substantiate any and all communication, oral or written, between you (and any of your agents, employees and/or representatives) and Plaintiff.

5.      Any and all documents (or other tangible evidence), including written reports of inspection, tests, writings, drawings, graphs, charts, recordings, investigation documentation, reports and/or memoranda or opinions of anyone that relate to the Claim and any other services provided in connection therewith.

6.      Any and all documents (or other tangible evidence) that relate to, describe, refer to, support, reflect, memorialize, or substantiate any claim made by you that any representations at issue in this lawsuit constitute generalizations, opinion, or "puffery" that are not actionable under the Texas Deceptive Trade Practices Act.

7.      Any and all documents (or other tangible evidence) that relate to, describe, refer to, support, reflect, memorialize, or substantiate any offer made by you to settle any claim of Plaintiff.

8.      Any and all written information allegedly relied upon by you that you allege may have been false and/or inaccurate and that you allege may be a cause of the damages claimed by Plaintiff in this lawsuit.

9.      Any and all documents (or other tangible evidence) that relate to, describe, refer to, support, reflect, memorialize, or substantiate any claim made by you that Plaintiff is not a "consumer" under the Texas Deceptive Trade Practices Act.

10.     Any and all documents (or other tangible evidence) that relate to, describe, refer to, support, reflect, memorialize, or substantiate any claim made by you that you are subject to an exemption under Section 17.49 of the Texas Business and Commerce Code.

\\PLPC\AADon\WPDocs\15-0516HBP091513.wpd                                                    3

11.     Any and all documents (or other tangible evidence) that relate to, describe, refer to, support, reflect, memorialize, or substantiate any claim made by you that Plaintiff or any other person failed to mitigate damages alleged herein to any extent.

12.     Any and all documents (or other tangible evidence) that relate to, describe, refer to, support, reflect, memorialize, or substantiate any alleged disclaimer of warranty or "as-is" provision in connection with the incidents made the basis of the lawsuit.

13.     Any and all documents (or other tangible evidence) that relate to, describe, refer to, support, reflect, memorialize, or substantiate the producing cause or proximate cause for the damages claimed by Plaintiff in this lawsuit, that have not been previously produced in response to a prior Request for Production herein.

14.     Any and all documents (or other tangible evidence) that relate to, describe, refer to, support, reflect, memorialize, or substantiate any money paid and/or received, bills, or other consideration involved in the transactions the subject of this lawsuit, including but not limited to canceled checks, receipts, or other documentation.

15.     Any and all advertising that relates to the Policy and any other services provided in connection therewith, regardless of whether any such advertising directly pertains to the incidents made the basis of this lawsuit or was provided to any member of the public.

16.     Copies of any documents, correspondence or other items filed with, sent to, or received from any state, county, city, federal or governmental agency, institution or department or representative within the last five (5) years that relate to the Policy (and any other services provided in this regard), including in connection with the claims of Plaintiff herein and in connection with any other consumer claim made against you during such time related to Plaintiff's allegations.

17.     Copies of any and all diaries, logs, calendars, or other notes kept in any form whatsoever concerning the incidents or transactions made the basis of this lawsuit.

18.     Any rules, written procedures, management guidelines, operating guidelines, or any other similar documents (or other tangible evidence) that pertain to the Claim and any other services provided in connection therewith, and/or the incidents made the basis of this lawsuit.

19.     A copy of any and all correspondence or other communications relating to the incidents or transactions made the basis of this suit.

20.     All photographs, motion pictures, movies, films, or photographic material of any kind taken that relate to the allegations or defenses in this lawsuit.

21.     All written statements made by Plaintiff, you, or any of your representatives, agents, employees, or any witness in this lawsuit.

\\PLPC\AADon\WPDocs\15-0516HBP091513.wpd                                         4

22.. All oral statements made by Plaintiff, you (or any of your representatives, agents, employees), or any witness in this lawsuit, which were either recorded or taped on an electronic device or recorder.

23. Copies of any and all books, documents or other tangible things which may or may not be introduced at trial, but which may have a bearing on this lawsuit and may be used as demonstrative evidence at trial.

24.. Any and all published treatises, periodicals or pamphlets on a subject of history, science or art which you, your attorneys or expert witnesses claim to be reliable authority which may be used at trial herein.

25. Any and all documents (or other tangible evidence) that relate to, describe, refer to, support, reflect, memorialize, or substantiate any inspection of the Insured Property required by you prior to issuance of the Policy.

26. A copy of your contract with your attorney.

27. A copy of any and all time and expense records kept by your attorney reflecting expenses incurred by your attorney or time spent by your attorney in connection with this suit.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Plaintiff's Request for Production was attached to Plaintiff's Original Petition and served on the Defendant by an authorized process server pursuant to Texas Rule of Civil Procedure 106.

/s/ H. Brad Parker
H. Brad Parker

2

**STAN STANART**
COUNTY CLERK, HARRIS COUNTY, TEXAS
COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1081128**
**Receipt Number: OOC**        **No Sheriff/Constable Fee Collected**

ROBERT CLAXTON BARLOW
**Plaintiff**                                      In The County Civil Court at Law No.Two (2)
VS.                                                201 Caroline / Suite 517
THE STANDARD FIRE INSURANCE COMPANY                Houston, Harris County, Texas 77002

**Defendant**

**THE STATE OF TEXAS**
**ALIAS – DISC. PROD. CITATION**

TO:     The Standard Fire Insurance Company, a Nonresident Corporation
        Registered Agent: Corporation Service Company
        211 East 7th Street, Suite 620,
        Austin. Texas 78701

Attached is a copy of petition with discovery attached.
This instrument was filed on the 5th day of August, 2016, in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Issued and given under my hand and the seal of said court, at Houston, Texas, this 12th day of August, 2016..

(SEAL)                                              STAN STANART, County Clerk
                                                    County Civil Court at Law No. Two (2),
                                                    201 Caroline, Suite 300
                                                    Harris County, Texas

                                                    _____
                                                    Guillermo Gomez
                                                    Deputy County Clerk

REQUESTED BY:        H.  BRAD PARKER
                     H. BRAD PARKER, P.C.
                     2180 NORTH LOOP WEST, STE 510
                     HOUSTON, TEXAS 77018

P.O. Box 1525 |  Houston, TX 77251-1525 |   (713) 755-6421

Form No. H-01-204 (Rev. 01/01/2011)        WWW.CCLERK.HCTX.NET        Page 1 of 0

# STAN STANART
### COUNTY CLERK, HARRIS COUNTY, TEXAS
### COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1081128**

**Receipt Number: OOC**      **No Sheriff/Constable Fee Collected**

ROBERT CLAXTON BARLOW
**Plaintiff**
VS.
THE STANDARD FIRE INSURANCE COMPANY
**Defendant**

In The County Civil Court at Law No.Two (2)
201 Caroline / Suite 517
Houston, Harris County, Texas 77002

### THE STATE OF TEXAS
### ORIGINAL PETITION – DISC. PROD. CITATION

TO:     The Standard Fire Insurance Company, a Nonresident Corporation
Registered Agent: Corporation Service Company
211 East 7th Street, Suite 620,
Austin, Texas 78701

Attached is a copy of petition with discovery attached.
This instrument was filed on the 5th day of August, 2016, in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 8th day of August, 2016.

(SEAL)

STAN STANART, County Clerk
County Civil Court at Law No. Two (2),
201 Caroline, Suite 300
Harris County, Texas

_____

Guillermo Gomez
Deputy County Clerk

REQUESTED BY:      H. BRAD PARKER
H. BRAD PARKER, P.C.
2180 NORTH LOOP WEST, SUITE 510
HOUSTON, TEXAS 77018

P.O. Box 1525 |   Houston, TX 77251-1525 |   (713) 755-6421
www.cclerk.hctx.net

Form No. H-01-165 (Rev. 03/23/2012)                                                  Page 1  of 0



# OFFICE OF STAN STANART
## COUNTY CLERK, HARRIS COUNTY, TEXAS
### COUNTY CIVIL COURTS DEPARTMENT

FILED
8/12/2016 8:25:31 AM
Stan Stanart
County Clerk
Harris County

Docket No. __1081128__

Robert Claxton Barlow
Plaintiff

vs.

The Standard Fire Insurance Company
Defendant

County Civil Court
At Law No. __Two__ (2)

ISSUE

☒ Alias Citation          ☐ Amended Citation                    1

*(Address for service):*  The Standard Fire Insurance Company

211 East 7th Street, Suite 620, Austin TX 78701

☐ Rule 106 Citation                              _____

☐ Abstract of Judgment                           _____

☐ Writ of Execution                              _____

☐ Writ of Execution *and* Order of Sale          _____

☐ Writ of Possession                             _____

☐ Certificate of Dormant Judgment                _____

☐ Certificate of Transfer                        _____

☐ Certificate of No Appeal                       _____

☐ Bill of Costs                                  _____

☐ Jury Fee                                       _____

☐ Deposit into Registry of Court                 _____

☐ Other Services _____

## REQUEST MADE BY

(Name)  H. Brad Parker

(Address) 2180 North Loop West, Suite 510, Houston, TX 77018

(Phone Number) 713.892.5588                        (Zip Code)

Request is to be:
☐ Mailed
☒ Picked up by:  H. Brad Parker

P.O. Box 1525 ● Houston, TX 77251-1525 ● 713-755-6421
www.cclerk.hctx.net

Form No. H-01-63 (Rev. 01/01/2011)

RECEIVED

AUG 1 2 2016

@ 10:35 AM

FILED
8/31/2016 12:08:14 PM
Stan Stanart
County Clerk
Harris County

**STAN STANART**
COUNTY CLERK, HARRIS COUNTY, TEXAS
COUNTY CIVIL COURTS DEPARTMENT

Docket Number: 1081128

Receipt Number: OOC        No Sheriff/Constable Fee Collected

ROBERT CLAXTON BARLOW
**Plaintiff**
VS.
THE STANDARD FIRE INSURANCE COMPANY
**Defendant**

In The County Civil Court at Law No.Two (2)
201 Caroline / Suite 517
Houston, Harris County, Texas 77002

**THE STATE OF TEXAS**
**ALIAS – DISC. PROD. CITATION**

TO:   The Standard Fire Insurance Company, a Nonresident Corporation
      Registered Agent: Corporation Service Company
      211 East 7th Street, Suite 620,
      Austin. Texas 78701

Attached is a copy of petition with discovery attached.
This instrument was filed on the 5th day of August, 2016, in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Issued and given under my hand and the seal of said court, at Houston, Texas, this 12th day of August, 2016.

(SEAL)

RETURN / AFFIDAVIT
PROOF - ATTACHED

STAN STANART, County Clerk
County Civil Court at Law No. Two (2),
201 Caroline, Suite 300
Harris County, Texas

Guillermo Gomez
Deputy County Clerk

REQUESTED BY:        H. BRAD PARKER
                     H. BRAD PARKER, P.C.
                     2180 NORTH LOOP WEST, STE 510
                     HOUSTON, TEXAS 77018

9-5-16

P.O. Box 1525 ● Houston, TX 77251-1525 ● (713) 755-6421

Form No H-01-204 (Rev. 01/01/2011)        WWW.CCLERK.HCTX.NET        Page 1 of 1

2016090201223:0077

## RETURN OF SERVICE

### Cause No. 1081128

In the County Civil Court at Law No. 2 of
Harris County, Texas

ROBERT CLAXTON
BARLOW
     Plaintiff
V.

THE STANDARD FIRE
INSURANCE COMPANY
    Defendant

Came to hand on August 12, 2016, at 10:35 AM.

Executed at 211 E. 7th Street, Suite 620, Austin, TX 78701, within the County of Travis at 11:05 AM on
August 12, 2016, by delivering to the within named:

### THE STANDARD FIRE INSURANCE COMPANY,

**by delivering to its Registered Agent, CORPORATION SERVICE COMPANY, by and through its
designated agent, SUE VERTREES, a true copy of this Alias Citation together with Plaintiff's
Original Petition, Request for Disclosure, and Request for Production, having first endorsed upon
such copy of such process the date of delivery.**

I certify that I am approved by the Supreme Court of Texas, Misc. Docket No. 05-9122 under rule 103, 501 and 501.2 of the
TRCP to deliver citations and other notices from any District, County, and Justice Courts in and for the State of Texas. I am
competent to make this oath; I am not less than 18 years of age, I am not a party to the above-referenced cause, I have not been
convicted of a felony or a crime involving moral turpitude, and I am not interested in the outcome of the above-referenced cause.

By: _____

Jeff Keyton SCH-735,
Exp. 7/31/2017

### VERIFICATION

STATE OF TEXAS    §
COUNTY OF TRAVIS   §

    BEFORE ME, A NOTARY PUBLIC, on this day personally appeared Jeff Keyton, known to me to be the person whose
name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are
true and correct.
    Given under my hand and seal of office this August 15, 2016.



NOTARY PUBLIC, STATE OF TEXAS

16-021739/Barlow

3



**STAN STANART**

gout | Edit Profile | **Change Password**

me          Courts          Property Records     Personal Records          Other

# County Civil Courts - January 1977 to present

Case Number: 1081128                                                    [Search]

Party Type: [Plaintiff ▾] Name: [Last Name First - No Punctuation]    [Search]
File Date (From): [MM/DD/YYYY] ▦ (To): [MM/DD/YYYY] ▦

[Clear]

**Images available from Jan. 1, 2008 to Present**

**14 Record(s) Returned. Civil - reflect(s) filings accepted through 2016-09-07**

| Case | Crt | Date Opened | Commenced By | Status | Nature | Style | View All |
|------|-----|-------------|--------------|--------|--------|-------|----------|
| 1056467 | 1 | 12/15/2014 | Petition | Closed Case | Consumer/Commercial/Debt | ROBERT CLAXTON BARLOW VS. GENARO R VARGAS | Parties |
| 1081128 | 2 | 08/05/2016 | Petition | Open | Consumer/Commercial/Debt | ROBERT CLAXTON BARLOW VS. STANDARD FIRE INSURANCE COMPANY | Parties |

| Case | File Date | Event | Comments | Pgs | Document ID |
|------|-----------|-------|----------|-----|-------------|
|      |           |       |          |     |             |

| Case | File Date | Event | Comments | Pgs | Document ID |
|------|-----------|-------|----------|-----|-------------|
| 1081128 | 08/05/2016 09:13 AM | Case Initiated - Petition | | 15 | CCCL-2016-265675 |
| 1081128 | 08/05/2016 09:21 AM | Jury Fee | | 0 | |
| 1081128 | 08/05/2016 09:21 AM | E-Filing Copies | | 0 | |
| 1081128 | 08/05/2016 09:21 AM | Electronic Filing Fee | | 0 | |
| 1081128 | 08/05/2016 10:43 AM | Civil Case Information Sheet | | 1 | CCCL-2016-265924 |
| 1081128 | 08/08/2016 11:12 AM | Receipt# 1170200 generated for the amount of $ 276.75 | | 0 | |
| 1081128 | 08/08/2016 03:10 PM | Original Petition Citation ADMS DISC INTERROG PROD | | 1 | CCCL-2016-267017 |
| 1081128 | 08/12/2016 08:27 AM | Alias Citation to be Issued | | 1 | CCCL-2016-272105 |
| 1081128 | 08/12/2016 08:27 AM | Electronic Filing Fee | | 0 | |
| 1081128 | 08/12/2016 08:30 AM | Alias Citation ADMS DISC INT PROD | | 1 | CCCL-2016-272117 |
| 1081128 | 08/12/2016 12:56 PM | Receipt# 1171611 generated for the amount of $ 6.00 | | 0 | |
| 1081128 | 08/19/2016 09:37 AM | Crt 2-Order for Trial Setting-Jury | | 2 | CCCL-2016-280295 |
| 1081128 | 08/31/2016 12:28 PM | Citation Returned | SERVED ON 8-12-16 APPEARANCE DATE 9-5-16 | 2 | CCCL-2016-297867 |
| 1081128 | 08/31/2016 01:42 PM | Receipt# 1177129 generated for the amount of $ 2.00 | | 0 | |

4

**Docket Number:** <u>1081128</u>

| | | |
|---|---|---|
| ROBERT CLAXTON BARLOW | § | In the County Civil Court |
| | § | |
| | § | at Law No. Two (2) |
| VS. | § | |
| | § | Harris County, Texas |

STANDARD FIRE INSURANCE COMPANY

**ORDER FOR JURY TRIAL SETTING, SCHEDULING ORDER & NOTICE OF INTENT TO DISMISS**

Failure to comply with this Order may result in dismissal for want of prosecution or default.

1.  **TRIAL DATE.** It is hereby ordered that this case is set on the two-week trial beginning on 2/20/2017 9:30:00 AM. The Courtroom is located at 201 Caroline 5th Floor, Houston, TX 77002. This is a 2-week docket and your case will be assigned a specific day and time during docket call.

2.  **DOCKET CALL.** The Court will contact all parties between the hours of 1:00 PM and 4:00 PM on the Wednesday immediately preceding the trial date. Have your calendars ready. The Court will provide available dates during this 2-week period and <u>will assign a specific day and time for you to appear.</u> IF YOU DO NOT RECEIVE A CALL FROM THE COURT BETWEEN 1:00 PM and 4:00 PM, YOU ARE NOT REACHED. YOUR CASE WILL BE RESET TO THE NEXT AVAILABLE 2-WEEK JURY DOCKET.

3.  **PRETRIAL CONFERENCE.** Prior to the pretrial conference date, each party is ordered to exchange with all parties and bring copies for the court to the pretrial conference, their Witness Lists, their pre-numbered Exhibits, their Motion in Limine, their edited page and line excerpts of deposition testimony, their proposed Jury Charge, and any relevant case law that they are relying upon. <u>A pretrial conference will be held on Friday @ 9:00 AM preceding your assigned date.</u> If you need more than 15 minutes for pretrial issues, contact the Trial Coordinator for a special setting.

4.  **DISCOVERY.** All discovery requests must be served so that the deadline for responding and/or performing will be at least thirty (30) days prior to the above trial date. Parties may only conduct discovery beyond this deadline by Rule 11 agreement or leave of Court. **NOTE:** Rule 193.6 will be applied and **incomplete discovery will not delay the trial.**

5.  **MINORS.** If a minor child is a party by next friend or otherwise, defense counsel is ordered to file on or before thirty (30) days of the trial date either a Motion and Order to appoint a Guardian Ad Litem or a Motion and Order to waive the appointment of a Guardian Ad Litem.

6.  **NOTICE.** It is hereby Ordered that Plaintiff notify all other parties of this Order in accordance to TRCP 21a, by certified mail, facsimile and/or hand delivery within seven (7) days of the date of this Order.

Should the case settle prior to trial, Plaintiff must immediately notify the Trial Coordinator <u>in writing</u> and must serve all parties with same.

Signed on: 8/19/2016

<u>THERESA W. CHANG</u>
Judge Presiding

For answers to Frequently Asked Questions, visit the Court's website at <u>www.ccl.hctx.net/civil/2</u>

H PARKER

Form No. H01116 (Rev. 01/22/2016)

Filed on 8/19/2016 9:37:47 AM, Clerk

H. BRAD PARKER, P.C.
2180 NORTH LOOP WEST, SUITE 510
HOUSTON, TEXAS 77018

CCCL-2016-280295

UNOFFICIAL COPY



Form No. H01116 (Rev. 01/22/2016)

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT CLAXTON BARLOW, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | CAUSE NO. _____ |
| | § | |
| THE STANDARD FIRE INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

_____

**DEFENDANT'S LIST OF ALL COUNSEL OF RECORD**

_____

1)   Mr. H. Brad Parker
     H. Brad Parker, P.C.
     2180 North Loop West, Suite 510
     Houston, TX  77018
     Telephone:  (713) 892-5588
     Facsimile:  (713) 892-5598
     Email:  bparker@parkerlawpc.com

     *Attorney for Plaintiff, Robert Claxton Barlow*


2)   Charles L. Stinneford
     State Bar No. 0075057
     Gordon Arata McCollum Duplantis & Eagan, LLC
     1980 Post Oak Blvd., Suite 1800
     Houston, Texas 77056
     Telephone:  (713) 333-5500
     Facsimile:  (713) 333-5501
     Email:  cstinneford@gordonarata.com

     *Attorney for Defendant*
     *The Standard Fire Insurance Company*

2561107

Respectfully submitted,

GORDON, ARATA, MCCOLLAM,
  DUPLANTIS & EAGAN, LLC


 _/s/ Charles L. Stinneford_____
Charles L. Stinneford
State Bar No. 00785057
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Telephone:  (713) 333-5500
Facsimile:  (713) 333-5501
E-mail:  cstinneford@gordonarata.com

*Attorney for Defendant,*
*The Standard Fire Insurance Company*


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been delivered to all counsel pursuant to the Federal Rules of Civil Procedure via certified mail, return receipt requested on the 12th day of September, 2016.


 _/s/ Charles L. Stinneford_____
Charles L. Stinneford

2561107